# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>   v.<br><br>STEVEN SCOTT LINELL,<br><br>                Defendant. | 3:15-CR-00017-MMD-VPC<br><br>**MINUTES OF THE COURT**<br><br><br>December 1, 2015 |

PRESENT:    THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:           LISA MANN            REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Before the court is plaintiff's *ex parte* motion requesting an *in camera* review and pre-trial ruling on whether *Giglio/Henthorn* material relating to the case agent for the Bureau of Indian Affairs ("BIA") must be disclosed to the defendant (#41).

A prosecutor is responsible for disclosing to the defense all exculpatory evidence, including evidence that bears on the credibility of trial witnesses. *Giglio v. United States*, 405 U.S. 150, 154–55 (1972); Fed. R. Crim. P. 16. If the prosecutor is uncertain about whether information in his or her possession is material, he or she may submit the information to the court for an *in camera* inspection. *United States v. Henthorn*, 931 F.2d 29, at 30–31 (9th Cir. 1991).

The court has reviewed plaintiff's motion and the documents submitted under seal. Because the information contained therein is not material to the BIA case agent's credibility, the documents need not be disclosed to the defendant as discovery.

   **IT IS SO ORDERED.**

                                                                                       LANCE S. WILSON, CLERK

                                                                                       By:            /s/
                                                                                              Deputy Clerk